Javier **CASTRO–GARCIA**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 04–74190.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.[*]

Filed Nov. 2, 2009.

Karla L. Kraus, Esquire, Kraus Law Corporation, San Diego, CA, for Petitioner.

District Director, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Thomas J. Gullo, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, Thomas L. Holzman, Counsel, Federal Deposit Insurance Corporation, Arlington, VA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM [**]

Javier Castro–Garcia, a native and citizen of Mexico, petitions for review of the

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a state statutory crime constitutes a crime involving moral turpitude, *Galeana–Mendoza v. Gonzales,* 465 F.3d 1054, 1057 (9th Cir.2006), and we grant the petition for review and remand.

The BIA concluded that Castro–Garcia was ineligible for cancellation of removal because his conviction under California Penal Code § 243(e) was a crime involving moral turpitude. Subsequent to the BIA's order, we held that a conviction under § 243(e) is not categorically a crime involving moral turpitude. *See id.* at 1061. Because "the government has not asked us to apply the modified categorical approach, we consider only whether the categorical approach is satisfied." *See Latu v. Mukasey,* 547 F.3d 1070, 1076 (9th Cir.2008) (internal quotation omitted).

We therefore grant the petition for review and remand for the BIA to address in the first instance the IJ's alternative finding that Castro–Garcia was ineligible for cancellation of removal because he was unable to demonstrate good moral character as a result of having been confined to a penal institution for an aggregate period of 180 days or more. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.